# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO OBLITAS-RIOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br>PFIZER, INC., a California Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 06cv2679 BTM(AJB)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

Defendant Pfizer, Inc. has filed a motion to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). In the alternative, Defendant seeks a stay of this action pending related litigation in the Southern District of New York.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate in a particular case, courts consider factors such as (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the ease of access to sources of proof, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the state that is most familiar with the governing law, and (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses. Jones v. GNC Franchising, Inc., 211

F.3d 495, 498-99 (9th Cir. 2000); <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

This action could have been brought in the Southern District of New York as Defendant's principal place of business is in New York, New York.  Defendant's primary argument for transferring the case is that a substantially similar case, <u>Coultrip, et al. v. Pfizer, Inc.</u>, is pending before Judge Alvin K. Hellerstein in the Southern District of New York.  <u>Coultrip</u>, like this action, alleges that Defendant violated the FLSA and state law (including California wage and hour law) by misclassifying pharmaceutical sales representatives as exempt employees.  The purported "California class" in <u>Coultrip</u> is substantially the same as the purported class in this action.  Also pending before Judge Hellerstein is a related case, <u>Jeter v. Pfizer, Inc.</u>, which pertains to Defendant's alleged failure to pay certain wages to sales representatives in violation of New York Labor Law.  The <u>Coultrip</u> litigants have been engaged in discovery regarding class certification issues for the past few months, and briefing on the class certification will commence at the end of June.

Plaintiff has filed a statement of non-opposition to Defendant's motion to transfer venue. In light of Plaintiff's non-opposition, the overlapping issues in this case and the <u>Coultrip</u> action, and the fact that Defendant's corporate headquarters are in New York (causing many corporate documents and witnesses to be located in New York), the Court is satisfied that a transfer of venue is justified.

Accordingly, the Court **GRANTS** Defendant's motion to transfer venue, and **DENIES AS MOOT** Defendant's motion to stay the action.  This case is hereby **TRANSFERRED** to the Southern District of New York.

**IT IS SO ORDERED.**

DATED: May 21, 2007

*[signature: Barry Ted Moskowitz]*

Hon. Barry Ted Moskowitz
United States District Judge